IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MORGAN, Co-Executrix and as Co-Trustee of the Last Will of ROBERT M. MUMMA, Deceased, | : : : : | CIVIL ACTION NO. 1:CV-15-0088 (Chief Judge Conner) |
| Plaintiff | : : | (Magistrate Judge Saporito) |
| v. | : : | |
| ROBERT M. MUMMA, II, | : : | |
| Defendant | : | |

# REPORT AND RECOMMENDATION

I.   Background.

This case arises from a judgment that was filed against defendant Robert M. Mumma, II ("defendant") on February 19, 2015 in Cumberland County, Pennsylvania, in the amount of $521,160.21. (Doc. 7, Ex L). We will highlight a brief history of this case which began in 1986 in the Orphans' Court Division of the Court of Common Pleas of Cumberland County. The Orphans' Court litigation began with the death of Robert M. Mumma, Sr. ("Mr. Mumma") in April, 1986. (Doc. 7, p. 2). Mr. Mumma's will named his widow Barbara McK. Mumma (now deceased) and Mrs. Morgan ("plaintiff"), his daughter, as executors of his estate. (*Id.*). Mrs. Mumma and plaintiff were named the trustees of two testamentary trusts which were created by Mr. Mumma's will. (*Id.*). Mr. Mumma's will was probated

in the Cumberland County Court in 1986, and since that time, proceedings related to the estates and trusts took place in the Orphans' Court Division of the Court of Common Pleas of Cumberland County. (*Id.*). Litigation ensued between Mrs. Mumma and plaintiff and defendant from 1986 through 2010. (*Id.*, p. 3). An auditor was appointed to hear objections in the matter. (*Id.*).

On August 7, 2013, the auditor issued a Report summarizing the factual findings from the prior litigation, addressing defendant's objections and all referred matters. (*Id.*). The Report recommended that the Orphans' Court overrule the objections and approve the accounts. The auditor also recommended that defendant be ordered to pay 50% of the trusts' legal fees in connection with the hearing, and 50% of the auditor's costs. (*Id.*, p. 4). After objections were filed by defendant, the Orphans' Court entered an Opinion and Order dated April 30, 2014. (*Id.*). The Orphans' Court dismissed the objections and ordered defendant to pay one-half of the costs of the legal fees incurred by the trust proceedings before the auditor. (*Id.*, p. 5). After an evidentiary hearing was held on fees, the Orphans' Court ordered attorney's fees and costs in favor of the trusts and against defendant in the amount of $521,160.21. (*Id.*). Defendant did not make the required payment or appeal the fee order. (*Id.*).

On December 9, 2014, plaintiff filed a praecipe for judgment in the Cumberland County Prothonotary's Office. (*Id.*, Ex. K). The judgment was assigned to Civil Action No. 2014-7108 and not the 1986 Orphans' Court Docket No. (*Id.*, 6). The judgment was entered on February 19, 2015. (*Id.*, Ex. L). Defendant did not appeal the judgment entered in the Cumberland County Orphans' Court. (*Id.*).

On January 13, 2015, defendant filed a notice of removal, and this case was removed by defendant to the United States District Court for the Middle District of Pennsylvania based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a). (Doc.1).

Presently before the court is plaintiff's motion to remand this case to the Court of Common Pleas of Cumberland County (Doc. 4) filed on February 5, 2015. Plaintiff also filed with this court her brief in support of her motion. (Doc. 7). Plaintiff attached exhibits to her motion to remand and brief in support, namely copies of the documents associated with the case in the Cumberland County Orphans' Court. (Docs. 4-1 to 4-5 and Docs. 7-1 to 7-12). Defendant filed a response in opposition

to plaintiff's motion on March 20, 2015 after the period of time to do so expired.[1] (Doc. 9).

Plaintiff's motion to remand is ripe for disposition. We have been assigned this case for pre-trial matters pursuant to 28 U.S.C. §636(b).

II.     Discussion.

The court in *The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001), stated the removal standard as follows:

> In general, a party is able to remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction to hear the matter. *Lumbermans Mut. Cas. Co. v. Fishman*, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing 28 U.S.C. § 1441(b) (1999); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)). Once the case has been removed, however, "the federal court may remand if there has been a procedural defect in removal." *Kimmel v. DeGasperi*, No. 00-143, 2000 WL 420639, at * 1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c) (West 1994)). Remand is mandatory

---

[1]Pursuant to the United States District Court for the Middle District of Pennsylvania, Local Rule 7.6, Defendant is deemed to not oppose plaintiff's motion to remand. Local Rule 7.6 provides:

> Any party opposing any motion,...shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under theses rules, within seven (7) days after service of the motion. Any party who fails to comply with such motion is deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filling a brief in opposition.

4

if the court determines that it lacks federal subject matter jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c) (West 1994)). "When a case is removed from state court, the removing party bears the burden of proving the existence of federal subject matter jurisdictions" *Id.* (citing *Boyer*, 913 F.2d at 111).

"Removal statutes are strictly construed by Courts and all doubts are resolved in favor of remand." *Id*. (Citations omitted).

Further, as the court in *James v. Electronic Data Systems Corp.*, 1998 WL 404817 * 2 (E.D. Pa.), stated:

> Initially, the court must look to whether the state court claim was removable on its face. *Sfirakis v. Allstate Insurance Co.*, No. CIV. A. 91-3092, 1991 WL 147482, at *2 (E.D. Pa. July 1991). Where the jurisdictional amount of damages is challenged, the amount alleged by the plaintiff in her complaint controls rather than the amount alleged in the defendant's notice of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Further, the statutory provision at issue here is 28 U.S.C. § 1446 which governs the procedure for removal. Specifically, §1446(b) and §1446(c) provide:

(b) Requirements; Generally.

> (1)
>
> > The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

> pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)
>
> > (A) When a civil action is solely removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> > (B) Each Defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> > (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3)  Except as provided in subsection (C), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> (c) Requirements; Removal Based on Diversity of Citizenship.
>
> > (1)  A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by §1332 more than one year after commencement of the action; unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

The plaintiff argues that remand of this case back to state court is required because the defendant violated §1446(c)(1) by filling his notice of removal more than one year after commencement of the action. (Doc. 7, p. 6). The judgment that defendant removed to federal court stems from a case filed in the Orphans' Court Division of the Court of Common Pleas of Cumberland County in 1986. (*Id.*). Additionally, plaintiff maintains that the notice of removal filed by the defendant was procedurally defective because defendant did not attach the Orphans' Court judgment that he is seeking to remove. (*Id.,* p. 7). Also, in her brief, plaintiff argues that the judgment is not removable. (*Id.,* p. 8). Plaintiff argues that defendant is improperly attempting to restart the Cumberland County Orphans' Court proceedings in a new venue and collaterally attack the judgment. We agree with the plaintiff that the defendant's removal is untimely and improper. Plaintiff cites case law to support her contention that removal of a state court judgment is improper:

> A judgment is "an absolute bar to subsequent action on the same claim" and precludes parties from further proceedings, including removal to federal court. *U.S. v. International Bldg. Co.*, 345 U.S. 502, 504-05 (1953)(citing *Cromwell v. Sac County*, 94 U.S. 351 (1876)). A claim which has passed into judgment on the merits by estoppel, and "cannot be brought into litigation between the parties in proceedings at law upon any ground whatsoever." *Cromell*, 94 U.S. at 351. Estoppel by judgment "includes matters in a second proceeding which were actually presented and determined in an earlier suit." *International Bldg. Co.*, 345 U.S. at 506. Where a second action is on a different claim, "judgment

>   in the prior action operates as an estoppel" to matters in which a
>   judgment was rendered. *Cromwell*, 94 U.S. at 353.

(Doc. 7, p. 8).

In defendant's untimely response to plaintiff's motion to remand (Doc. 9), defendant gives the court a recitation of facts involving the unfortunate and longstanding family feud that preceded the entry of judgment against the defendant. The defendant argues that plaintiff and CRH[2] and the Allied Irish Bank of Dublin, Ireland used the Estate proceedings to "squeeze out" defendant from his interest. (*Id.*, 4). Defendant further states that removal was proper because CRH and the Allied Irish Bank of Dublin, Ireland are foreign corporations and subject to the jurisdiction of this court, pursuant to the requirements of §1446(b)(1). (*Id.*). Defendant does not address the time limitations imposed by 28 U.S.C. §1446 in his response. In *Samii v. Allstate Insurance Co.*, 2010 WL 3221924, at *1 (E.D. Pa. Aug. 12, 2010), the plaintiffs filed a praecipe for a writ of summons on August 14, 2006, in the Court of Common Pleas of Chester County, Pennsylvania, and thereafter filed a complaint on March 14, 2010. The defendants, in that case, filed a notice of removal to federal court on May 21, 2010. *Id*. The court ruled that removal was untimely because the defendants removed the case over three years after the case was commenced on

---

[2] Defendant does not state the proper name of this entity.

August 14, 2006, the date plaintiffs filed a praecipe for a writ of summons. *Id*. Thus, the court in *Samii* found that defendant's removal of the case to federal court was untimely and remanded the case to state court.

Although diversity of citizenship may have been met by the fact that the parties reside in two different states, this case was not properly removed to federal court. Thus, we will recommend that this case be remanded to state court because defendant's notice of removal was untimely, *i.e.* it was filed more than one year after the date of commencement of plaintiff's underlying action in this case and defendant's removal of a judgment entered by the Cumberland County Court of Common Pleas is improper.

As stated, in our case, we agree with plaintiff that defendant was aware of the nature of his action and the citizenship of the parties during the Cumberland County Orphans' Court case which was litigated from 1986-2010. (Doc. 7, pp. 6-7). Moreover, the defendant argues, in part, that the judgment filed against him by plaintiff in the Cumberland County Court of Common Pleas is docketed to a different civil action number than the 1986 Orphans' Court docket number.  However, the judgment having been assigned a new civil action number is not tantamount to a new cause of action against the defendant.  The conduct culminating in the judgment was litigated for a period of decades in the Cumberland County Orphans' Court.

We agree with plaintiff's argument that, even though the actions were filed under different docket numbers in the Cumberland County Court of Common Pleas, the record shows that the action, as a whole, was the same in nature. Further, the Orphans' Court order referencing the 21-86-398 Orphans' Court number is attached to the praecipe for the entry of the judgment against the defendant. Lastly, the defendant provided no evidence that the judgment is from a different action than the prior Orphans' Court action.

Thus, we find that defendant's notice of removal in our case was untimely as stated in 28 U.S.C. §1446(c) and improper, and we will recommend that plaintiff's action be remanded to the Cumberland County Court of Common Pleas.

III.   Recommendation.

Based on the foregoing discussion, it is respectfully recommended that plaintiff's motion to remand (Doc. 4) this case to the Court of Common Pleas of Cumberland County, Pennsylvania, be GRANTED since defendant is barred from removing this case on the basis of diversity jurisdiction more than one year after the

commencement of the action under 28 U.S.C. §1446(c) and the removal of the state court judgment is improper.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated:   March 31, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MORGAN, Co-Executrix and as Co-Trustee of the Last Will of ROBERT M. MUMMA, Deceased, | : : : : | CIVIL ACTION NO. 1:CV-15-0088 (Chief Judge Conner) |
| Plaintiff | : : | (Magistrate Judge Saporito) |
| v. | : : | |
| ROBERT M. MUMMA, II, | : : | |
| Defendant | : | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated March 31, 2015.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated:   March 31,  2015